NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**DAVID S. FRITZ,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

_____

2025-2076

_____

Appeal from the United States Court of Appeals for Veterans Claims in No. 24-5058, Judge Scott Laurer.

_____

Decided:  July 28, 2026

_____

DAVID S. FRITZ, Gainesville, TX, pro se.

DANIEL HOFFMAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by GEOFFREY M. LONG, PATRICIA M. MCCARTHY, BRETT SHUMATE; EVAN SCOTT GRANT, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

_____

Before CHEN, HUGHES, and CUNNINGHAM, *Circuit Judges*.

PER CURIAM.

David S. Fritz appeals the decision of the United States Court of Appeals for Veterans Claims denying his motion to supplement the pleadings and granting-in-part, denying-in-part, and dismissing-in-part his petition for extraordinary relief in the form of a writ of mandamus. For the reasons below, we *affirm-in-part* and *dismiss-in-part*.

I

Mr. Fritz served in the U.S. Air Force from June 1991 to August 1998. In December 2024, Mr. Fritz filed an amended petition[1] with the Veterans Court for extraordinary relief in the form of a writ of mandamus under the All Writs Act, 28 U.S.C. § 1651. According to Mr. Fritz, the VA and the Board of Veterans' Appeals had failed to take required action on several of his claims for disability benefits. Mr. Fritz therefore requested an order compelling the VA to (1) decide pending service connection claims for chronic fatigue syndrome (CFS) and hyperacusis, (2) schedule a hearing with a Decision Review Officer (DRO) that he requested in 1999, and (3) reconsider his past requests to service connect more than 30 disabilities under 38 C.F.R. § 3.156(c). Mr. Fritz also requested an order instructing the Board to decide his pending motions for reconsideration of December 2018 and October 2022 Board decisions. In June 2025, Mr. Fritz submitted additional materials directly to the Veterans Court, but the Veterans Court returned the materials to Mr. Fritz, explaining that it does

---

[1] Mr. Fritz submitted his first petition for extraordinary relief pro se. The Veterans Court allowed him to amend that petition with the benefit of counsel.

not accept submissions directly from represented claimants. Mr. Fritz then moved to terminate his counsel and to supplement his pleadings with additional argument.

In an August 2025 decision, the Veterans Court granted Mr. Fritz's motion to terminate his counsel; denied his request to submit additional argument; and granted-in-part, denied-in-part, and dismissed-in-part his mandamus petition. The Veterans Court determined Mr. Fritz was entitled to a writ of mandamus as to his requests for orders compelling (1) the VA to adjudicate his pending service connection claims for CFS and hyperacusis, and (2) the Board to decide his motion for reconsideration of an October 2022 Board decision. However, the Board (1) denied entitlement to a writ regarding his requests to compel the VA to schedule a DRO hearing and generally reconsider his claims pursuant to 38 C.F.R. § 3.156(c), and (2) dismissed his request for an order compelling the Board to adjudicate his pending motion for reconsideration of the December 2018 decision. Mr. Fritz timely appeals.

II

Our review of decisions by the Veterans Court is limited by statute. *See Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010). While we may review the Veterans Court's decision regarding legal issues, we generally may not review challenges to its factual determinations or its application of law to the facts of a specific case. *See* 38 U.S.C. § 7292(a), (d).

We first address Mr. Fritz's challenge to the Veterans Court's denial of his motion to supplement the pleadings. Mr. Fritz appears to suggest the Veterans Court deprived him of his due process rights by denying his request to supplement the record. Mr. Fritz argues his counsel was ineffective and that this ineffective representation entitled him to supplement the record to ensure his arguments were before the Veterans Court. We first note that the "Constitution does not guarantee effective representation of counsel

in connection with veterans' benefits appeals before the [Veterans Court]." *Pitts v. Shinseki*, 700 F.3d 1279, 1281 (Fed. Cir. 2012). Thus, to the extent Mr. Fritz argues his attorney provided inadequate representation, which itself deprived him of due process, that argument fails. Similarly, the Veterans Court did not deprive Mr. Fritz of his due process rights by denying his motion to supplement the record. Due process requires notice and a meaningful opportunity to be heard; Mr. Fritz has had both. *See LaChance v. Erickson*, 522 U.S. 262, 266 (1998). As the Veterans Court noted, Mr. Fritz already had "two bites at the petition process apple"—his initial pro se mandamus petition and the amended petition submitted through counsel—and he is free to pursue any new grounds for mandamus relief through a new petition. *Fritz v. Collins*, No. 24-5058, 2025 WL 2222848, at *1 (Vet. App. Aug. 5, 2025) (*Decision*). We see no due process violation based on these facts and therefore affirm the Veterans Court's denial of Mr. Fritz's motion to supplement his pleadings.

We now turn to the merits of the Veterans Court's mandamus decision. Three conditions must be satisfied before a court may grant mandamus relief: (1) the petitioner's right to the writ must be "clear and indisputable"; (2) the petitioner must have "no other adequate means" to obtain the desired relief; and (3) "the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004) (cleaned up). "We may not review the factual merits of the veteran's claim, but we may determine whether the petitioner has satisfied the legal standard for issuing the writ." *Beasley v. Shinseki*, 709 F.3d 1154, 1158 (Fed. Cir. 2013). We review the denial of a petition for a writ of mandamus for abuse of discretion. *Lamb v. Principi*, 284 F.3d 1378, 1384 (Fed. Cir. 2002).

Because Mr. Fritz's appeal raises no non-frivolous legal question bearing on the availability of a writ under the All

Writs Act, we dismiss for lack of jurisdiction.[2] *See Beasley*, 709 F.3d at 1158. Nowhere does Mr. Fritz meaningfully allege that the Veterans Court improperly interpreted a regulation, statute, or erroneously applied the mandamus doctrine. Rather, his arguments on appeal reduce to a disagreement with his underlying benefits awards, *see* Appellant Br. 1 ("The claims readjudication was denied, but had they been granted Mr. Fritz would have been required to be rated at 10% per joint for arthritis . . . ."), or suggest the Veterans Court failed to address certain of his arguments, *see id.* at 1–2 ("The Court did not address the Secretary's failure to give constitutionally required notice . . . ."). But Mr. Fritz's underlying benefits claims were not the subject of the decision on review and are thus not properly before this court, and his arguments amount to a factual challenge that we lack jurisdiction to consider. *See Lamb*, 284 F.3d at 1381–82; *Beasley*, 709 F.3d at 1158. Further, although Mr. Fritz purports to raise a constitutional due

---

[2] To the extent Mr. Fritz appeals the Veterans Court's dismissal of his petition as it relates to his request for an order compelling the Board to decide his pending motions for reconsideration of the Board's December 2018 decision, we dismiss any such challenge as moot. It is apparent from Mr. Fritz's July 7, 2026, filing that the Board has since denied Mr. Fritz's request for reconsideration of the December 2018 decision. *See* ECF No. 29; *see generally Fritz v. Collins*, No. 25-6890, 2026 WL 1831177, at *4 (Vet. App. June 25, 2026) ("Mr. Fritz filed a . . . motion for reconsideration of the December 2018 Board decision, and on July 24, 2025, the Board's Acting Deputy Vice Chairman denied the motion for reconsideration."). Because he has received the relief his mandamus petition sought—a decision on his pending motion for reconsideration—that portion of his petition and this appeal is moot. *See Mote v. Wilkie*, 976 F.3d 1337, 1341 (Fed. Cir. 2020).

process issue in the Veterans Court's alleged failure to consider his notice argument, this again amounts to a disagreement with the application of the law to his case, and his characterization of it "as constitutional in nature does not confer upon us jurisdiction that we otherwise lack." *Flores v. Nicholson*, 476 F.3d 1379, 1382 (Fed. Cir. 2007) (citation omitted). The Veterans Court explicitly considered Mr. Fritz's argument that the VA failed to give constitutionally required notice because it mailed official correspondence to the purportedly wrong address, *Decision*, 2025 WL 2222848, at *3 ("He also argues that VA didn't give him proper notice when it issued the November 2000 Statement of the Case (SOC)."), yet it concluded he was nonetheless not entitled to mandamus relief because he could raise that issue in a substantive appeal to the Board. Mr. Fritz has not explained how or why that conclusion amounts to an abuse of discretion, and we conclude that it does not raise an issue within our jurisdiction.

## III

We have considered the parties' remaining arguments and find them unpersuasive. For the reasons above, we *affirm-in-part* and *dismiss-in-part*.

**AFFIRMED-IN-PART, DISMISSED-IN-PART**

Costs

No costs.